IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,　　　　　　　　　　　3:12-cv-00280-MA

　　　　　Plaintiff,　　　　　　　　　　　　　　　　ORDER

　v.

$15,333 IN UNITED STATES
CURRENCY, *in rem*,

　　　　　Defendant,

DON LEWIS BROWN,

　　　　　Claimant.

MARSH, Judge

　　　　In this civil forfeiture action, claimant Don L. Brown filed a Motion to Suppress Use of Property as Evidence (#27) on April 19, 2013 alleging that the defendant currency was seized as a result of an illegal seizure and search, and requesting an evidentiary hearing on his motion (#41 at 3). On July 22, 2013, the court found that an evidentiary hearing was necessary to resolve claimant's Motion to Suppress, and accordingly ordered the parties to file witness lists and witness statements within 45 days of the date of that order, a period expiring September 5, 2013 (#42).

1 - ORDER

On September 5, 2013, plaintiff timely filed its Witness List and Witness Statements (#44). On September 13, claimant submitted a Motion for Return of Illegally Seized Money (#48) that did not include a witness list or statements. The court issued an Order to Show Cause on September 16, ordering claimant to file his witness list and witness statements no later than September 26, 2013, and advising claimant that failure to timely comply with the order will result in denial of his motion to suppress (#46). Additionally, on September 18, the court denied claimant's Motion for Return of Illegally Seized Money, and reminded claimant that he must timely comply with the court's Order to Show Cause (#49).

On September 30, claimant filed an Objection to Government's Witness List and Witness Statements, objecting to some of plaintiff's proposed witnesses and expected testimony (#55). Plaintiff additionally alleged that his copy of a disc containing video of the traffic stop in question, attached as an exhibit to plaintiff's response to claimant's motion to suppress, was not functioning properly. Claimant requested an additional 45 days to "rebut the video and testimony pertinent to the stop," and file his witness list and statements.

Claimant's most recent submission to the court does not include a witness list and witness statements, and accordingly does not comply with the court's orders. In addition to the above advisories, claimant was previously advised of his duty to comply

2 - ORDER

with court and discovery deadlines when the court deemed timely his responses to plaintiff's Request for Admissions submitted more than six months after the response deadline (#42 at 2).

Due to claimant's failure to comply with the court's order of July 22, 2013 (#42), and the Order to Show Cause (#46), claimant's motion to suppress is denied. See Fed. R. Civ. P. 16(f)(1)(C). Claimant's request for an extension of time to produce a witness list and witness statements is denied, as he has provided no basis for the necessity of an extension relevant to compliance with the court's orders. Claimant's duty to comply with the court's orders was not predicated on his ability to rebut plaintiff's proposed evidence, witnesses, or expected testimony. Claimant is advised that any further noncompliance with court orders and deadlines, or discovery rules and deadlines, may result in striking of his claim.

## CONCLUSION

Claimant's Motion to Suppress Use of Property as Evidence (#27) is DENIED. Plaintiff's Motion to Deny Claimant's Motion to Suppress (#51) is DENIED as moot. IT IS FURTHER ORDERED that the parties file a joint status report no later than January 6, 2014.

IT IS SO ORDERED.

DATED this __2__ day of October, 2013.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

3 - ORDER